PECK *against* MALLAMS and others.

*Sheriff's deed, when void for uncertainty of description.*

PECK, in May, 1846, as administrator, with the will annexed, of Thomas Tom, deceased, filed a bill to foreclose a mortgage of lands in Schenectady, executed in May, 1817, by Elias Kane and wife, to Thomas Bloodgood, acting executor of the will of said Tom. The mortgagors were not living when the bill was filed, and the defendants were made parties as having or claiming an interest in the mortgaged premises, under rights which accrued subsequent to the mortgage. The mortgage was alleged to have been duly acknowledged by the mortgagors, and recorded in the clerk's office of Schenectady county, in 1817. There was no allegation that it was given to Bloodgood, *as executor*, or that the consideration of it, or the mortgage itself, was part of the assets of the estate of Thomas Tom, deceased.

The defendants insisted that the registration of the

mortgage was defective, and not sufficient to charge them with notice of it; and they claimed the premises, as *bona fide* purchasers, under conveyances by the sheriff of Schenectady county, in pursuance of sales on execution against the mortgagors.

The defendants also insisted that the mortgage had been paid, or would be presumed paid from lapse of time, and that the complainant showed no right to collect the money. The admission of the mortgagors, by payments and otherwise, within twenty years, that the mortgage was not fully paid, was shown, and also the death of the mortgagee.

The Vice-Chancellor dismissed the bill, on the ground that the registry was defective, and that the defendants had obtained title to the premises as *bona fide* purchasers.

The Court of Appeals, without passing upon the sufficiency of the registry, reversed the decree, on the ground that the sheriff's deeds were void, for uncertainty in describing the lands, and defendants, therefore, had no title. [The defect in the description cannot be intelligibly stated in a condensed form without the aid of maps or diagrams.] The record was remitted to the Supreme Court, with leave to the complainant to amend the bill so as to show his title to the mortgage, and to make the personal representatives of Thomas Bloodgood, deceased, parties to the suit, if he should be so advised.

(S. C., 10 N. Y. 509.